# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-059-GCM-DCK

| | |
|---|---|
| MICHAEL MADDUX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, and WAL-MART STORES, INC., | ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Wal-Mart Stores, Inc.'s Motion To Dismiss" (Document No. 17) filed April 21, 2017. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I. BACKGROUND

Plaintiff Michael Maddux ("Plaintiff" or "Maddux") initiated this action with the filing of a "Complaint" (Document No. 1) on February 10, 2017, and then filed a "First Amended Complaint" (Document No. 4) on March 6, 2017. The Amended Complaint asserts claims against Hartford Life and Accident Insurance Company ("Hartford") and Wal-Mart Stores, Inc. ("Walmart") (together, "Defendants") for alleged violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001 *et seq*. (Document No. 4). Specifically, the Amended Complaint contends that Plaintiff is entitled to: (1) wrongful denial of benefits under ERISA, 29 USC §1132; (2) statutory damages for failure to produce documents required by ERISA §§ 104

and 502, 29 USC §§1024 and 1132; and (3) attorney's fees under ERISA § 502, 29 USC §1132. Id. Plaintiff contends he is entitled to long-term disability and other benefits under the "Wal-Mart Stores, Inc. Long Term Disability Plan (the "Plan")." (Document No. 4, p.1).

The Amended Complaint alleges that Plaintiff is a 57-year old man who worked for Walmart as a Store Manager for approximately twenty (20) years. (Document No. 4, p.3). Plaintiff suffers from fibromyalgia and chronic fatigue syndrome, as well as depression, gout, and hypertension. Id. On or about July 28, 2012, Plaintiff's impairments became so severe he could no longer work. Id. Hartford granted Plaintiff long-term disability ("LTD") benefits beginning on October 26, 2012. Id. "Despite the continued deterioration of Plaintiff's physical and cognitive condition, Defendant Hartford changed Plaintiff's primary disabling condition to mental disorder (depression) effective November 22, 2013;" and then notified Plaintiff on or about March 8, 2016, that he had exhausted the maximum duration of his benefits as of November 21, 2015. (Document No. 4, pp.3-4).

Hartford subsequently denied Plaintiff's appeal of his claim for LTD benefits. (Document No. 4, p.4). "On or about December 31, 2015, Plaintiff wrote Defendant Walmart, the plan administrator under ERISA for the Plan, and requested a copy of all documents that comprised the Plan." Id. See also (Document No. 17-7). Plaintiff contends that Walmart has failed and refused to provide him documents he is entitled to under ERISA, and therefore, Walmart is liable for statutory damages and attorney's fees and costs. (Document No. 4, pp.6-7).

Now pending before the Court is "Wal-Mart Stores, Inc.'s Motion To Dismiss" (Document No. 17) filed on April 21, 2017. Walmart seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(6). See (Document Nos. 17 and 17-1). "Plaintiff's Brief Responding To Motion For Dismissal By Wal-Mart Stores, Inc." (Document No. 19) was filed on May 5, 2017; and Defendants' "Reply

Memorandum Of Law Supporting Wal-Mart Stores, Inc.'s Motion To Dismiss" (Document No. 21) was filed on May 12, 2017.

This matter is ripe for review and a recommendation to the Honorable Graham C. Mullen.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

By the pending motion to dismiss, Defendant Walmart asserts that it is not a proper party to Plaintiff's claim for benefits. (Document No. 17, p.1). Walmart acknowledges that its associates are offered LTD benefits through the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan ("Plan"), but notes that "Hartford issued the LTD policy, made every claims decision, and exercised exclusive authority and control over the claims process." Id. Walmart contends that the "2012 Associates Benefits Booklet Summary Plan Description" ("SPD") (Document No. 17-3) and governing 2011 "Wrap Document" (Document No. 17-4) "identify the Administrative Committee Associates' Health and Welfare Plan ("Administrative Committee") as the Plan Administrator, and Walmart as the Employer/Plan Sponsor." (Document No. 17, p.2).

Walmart states that Plaintiff "allegedly" sent it a request for ERISA plan documents on or about December 31, 2015, and attaches the alleged request to its motion. See (Document No. 17-7). Walmart further states that the "documents sought by Maddux either do not exist, or the request should have been directed to the Administrative Committee." (Document No. 17, p.2).

In its supporting memorandum, Walmart acknowledges the following:

> On or about July 28, 2012, Maddux sought long-term disability ("LTD") benefits pursuant to a policy of insurance written by Hartford Life and Accident Insurance Co. ("Hartford") and issued to Walmart ("LTD Policy"). LTD benefits are offered to Walmart Associates through the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan ("Plan"). The Plan is a comprehensive employee

4

welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

(Document No. 17-1, p.2). However, Walmart repeatedly asserts that while it is the employer, sponsor, and plan administrator with respect to the LTD Policy, it is not the administrator of the Plan at large. See (Document No. 17-1, pp.2, 7; (Document No. 21, p.10). Walmart contends that pursuant to the SPD and/or Wrap Document, the Administrative Committee is the designated Plan Administrator, and the entity Plaintiff should have directed his request to. (Document No. 17-1, p.3).

Walmart seems to argue that it cannot face statutory penalties because: there are no documents responsive to Plaintiff's request; Hartford had already provided a copy of the LTD policy; Plaintiff did not actually request the LTD policy from Walmart; the request for documents did not provide clear notice of the documents requested; plan administrators are not obligated to provide outdated documents; and/or Plaintiff did not identify himself as a beneficiary entitled to Plan documents (Document No. 17-1, pp.7-9).

The request addressed to Wal-Mart Stores, Inc. as Plan Administrator, and attached by Walmart to the instant motion, states as follows:

Dear Plan Administrator:

This letter is to request, pursuant to ERISA § 104(b)(4), a copy of the following documents for the Walmart's Long Term Disability Plan:

- the latest updated summary plan description,
- the latest annual report,
- the trust agreement,
- the plan document, and
- any other instruments under which the company short-term disability plan is established or operated.

I am a participant in this plan. Please mail these documents to me at my address above.

(Document No. 17-1, p.2).

The crux of Plaintiff's response is that the pending motion is premature; Plaintiff has adequately stated a claim and many of the issues and documents Defendant Walmart raises should be subjected to further scrutiny through the discovery process. (Document No. 19). The undersigned will briefly address several of Plaintiff's arguments against dismissal.

First, Plaintiff asserts he has properly alleged that Walmart as the plan administrator failed to provide documents after his written request and is liable for statutory penalties. (Document No. 19, p.6) (citing 29 U.S.C. § 1024(b)(4) and Document No. 4, pp.4-5). The ERISA statute, as noted by Plaintiff, states that "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated *summary plan description*, and the *latest annual report*, any terminal report, the bargaining agreement, trust agreement, contract, or *other instruments under which the plan is established or operated*." 29 U.S.C.A. § 1024(b)(4) (emphasis added). Plaintiff further asserts that on a 12(b)(6) motion, the Court must assume that the allegations are true, and that here Plaintiff has alleged that Defendant Walmart is the Plan Administrator. (Document No. 19, p.7).

Next, Plaintiff argues that the term "administrator" is defined as a person, and that the definition of person does not included a committee, such as the Administrative Committee. (Document No. 19, p.7) (citing 29 U.S.C. § 1002 (9) and (16)). Plaintiff also argues that to the extent Defendant relies on the SPD to determined that the Administrative Committee is the Plan Administrator, such reliance is misplaced because: the SPD was never provided to Plaintiff in response to his request; and the SPD does not by itself constitute the terms of the plan. (Document No. 19, p.8) (citing Cigna v. Amara, 131 S.Ct. 1866, 1878 (2011) and 29 U.S.C. § 1002 (16)). Purportedly, Walmart did provide Plaintiff a document indicating it was the plan administrator,

but no other documents, or any denial it was the plan administrator, or any direction to a different person or entity.  See (Document No. 19, pp.3-4, 8); see also Document No. 19-1, pp.20-22).

In addition, Plaintiff makes a persuasive point that Defendant's suggestion that Plaintiff's request was unclear or ambiguous, is unconvincing.  (Document No. 19, p.9).  Plaintiff notes that contrary to Walmart's argument, the request letter attached by Defendant actually mirrors the language of the ERISA statute.  Id. (citing 29 U.S.C.A. § 1024(b)(4));  see also, (Document No. 17-7).  Plaintiff further argues that the alleged ambiguity of Plaintiff's request is a question of fact that is not appropriate on a motion to dismiss.  Id.  Likewise, Plaintiff argues that what documents constitute the Plan, and whether benefits are governed by the Wrap Document, SPD, or the Policy, are also questions to be answered after discovery.  (Document No. 19, p.10); see also (Document No. 19-2).

Finally, Plaintiff argues that the motion to dismiss relies on materials outside the Amended Complaint, none of which are a proper basis for a 12(b)(6) motion.  (Document No. 19, pp.11-17) (citing Document Nos. 17-1 – 17-7).  For example, "Plaintiff disputes the authenticity of the SPD and Wrap Document as well as their applicability to his claim for benefits."  (Document No. 19, p.11).  Plaintiff further argues that:

> Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.,* 510 F.3d 442, 450 (4th Cir. 2007); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999).  The court may consider additional documents attached to the complaint or motion to dismiss as a part of the pleadings without converting the motion to one for summary judgement only where the documents are "integral to and explicitly relied on in the complaint" and where there is no challenge to authenticity. *E. I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 448 (4th Cir. 2011)

(Document No. 19, p.12).

The undersigned has reviewed Defendant's "Reply Memorandum…" (Document No. 21), but is not persuaded there are new arguments or authority there to dissuade the Court from denying the pending motion to dismiss.

In short, the undersigned agrees that there appears to be sufficient confusion on both sides to deny the motion to dismiss and direct the parties to an Initial Attorney's Conference pursuant to Local Rule 16.1.  See (Document No. 19, p.12).  As cited above, Defendant Walmart's own motion even suggests a strong need for discovery before the Court dismisses Plaintiff's claims. See (Document No. 17, p.2) (acknowledging a lack of certainty as to whether Plaintiff sent a request for plan documents, whether the documents sought exist, and who such a request should have been directed to).  Under the circumstances, the undersigned finds that discovery in this matter is appropriate and necessary before the Court (or the parties) are likely to be in a position to resolve this dispute.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Wal-Mart Stores, Inc.'s Motion To Dismiss" (Document No. 17) be **DENIED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure

to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

    **IT IS SO RECOMMENDED**.

Signed: November 3, 2017

David C. Keesler
United States Magistrate Judge